ST. LOUIS, A. & T. R'Y CO. v. J. J. PICKENS.

(No. 3253.)

APPEAL from Hopkins County. Opinion by WILLSON, J.

LEACH & TEMPLETON and PERKINS, GILBERT & PERKINS, counsel for appellant.

No counsel appeared for appellee.

§ 35. *Pleading and evidence; variance in, held immaterial; value of animal, when the measure of damages claimed, must be proved.* Appellee recovered judgment against appellant for $165 damages for one cow and one calf, alleged to have been killed by appellant's engine and train. Appellee's petition alleged that the calf was an Ayrshire calf, and the evidence showed it was three-fourths Ayrshire and one-fourth Durham. This was not a material variance between allegation and proof. This is the second appeal in this case. On the former appeal the judgment was reversed because there was not sufficient proof of the value of the calf. On this appeal the judgment must be reversed for the same cause. It appears from the evidence that at the place where the calf was killed there was no market for such animals, but

that there was a market for them at Longview, which was the nearest market; and yet it was not proved what such an animal was worth in said market, nor was any other legal evidence adduced of the value of said animal. There was some evidence as to the market value of thoroughbred calves in the market at Shreveport, but none as to the value of mixed-blood calves of the age of the one in controversy. It devolved upon appellee to prove the value of the cattle killed, as this was the measure of his damage. There being no market for such animals as the calf at the place where it was killed, its value could have been shown by proof of the market value of animals of a similar kind in the nearest market, which, as the evidence shows, was the Longview market. This proof was not made or attempted to be made. [3 Civil Cas. Ct. App., § 398; 2 Civil Cas. Ct. App., § 643.]

December 7, 1889.          Reversed and remanded.